IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOSEPH DWAYNE MATT, | Cause No. CV 23-84-H-BMM |
| Petitioner, | |
| vs. | ORDER |
| WARDEN JAMES SALMONSEN, ATTORNEY GENERAL OF THE STATE OR MONTANA, | |
| Respondent. | |

State pro se prisoner Joseph Dwayne Matt ("Matt") filed an application seeking habeas corpus relief on November 28, 2023. (Doc. 1 at 8.) *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time . . . [it is] delivered to the prison authorities for forwarding to the court clerk.") Matt generally challenges the manner in which his two consecutive state sentences were calculated following his release on parole. (Doc. 1 at 4–5.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis

1

upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Matt's petition will be dismissed without prejudice due to his failure to exhaust his state law claims.

I. **Exhaustion**

Matt was serving a 13-year sentence with the Montana Department of Corrections when he was charged with Escape, in Montana's Third Judicial District Court, Powell County. (Doc. 1 at 2–3.) The Court notes that Matt's original sentence was for Robbery. In August of 2023, while apparently released on parole, Matt was convicted and sentenced to 24-months at the Montana State Prison for a conviction of Criminal Possession of Dangerous Drugs, in Montana's First Judicial District, Broadwater County. *See* Montana Department of Corrections Offender Network: https://app.mt.gov/conweb/Offender/3007296/ (accessed January 12, 2024). Matt was sentenced to the Montana State Prison for 3 years for the Escape on February 2, 2020. Matt's sentence was ordered to run consecutively to the 13-year sentence he was already serving. (*Id*. at 3.)

Matt was released on parole on April 4, 2022, and he asserts the calculation of his sentences should have been adjusted pursuant to Mont. Code Ann. § 46-23-217. This statute provides as follows:

> A prisoner who commits a crime while imprisoned in a state prison or while released on parole or under the supervised release program and who is convicted and sentenced for the crime shall serve the sentence consecutively with the remainder of the original sentence. However, the prisoner remains eligible for parole consideration under 46-23-201 in regard to the original sentence. If paroled from the original sentence, the prisoner shall begin serving the subsequent sentence.

Based upon the statute, Matt believes his sentences either should have merged or the calculation of his sentences should have been adjusted. (*Id*. at 4.) Matt asserts that the State of Montana is not properly applying the statute in his case and this failure, in turn, precludes him from parole consideration relative to his original sentence. (*Id*. at 5.)

Matt asks this Court to start his sentence from the date when he was granted parole in 2020, pursuant to Mont. Code Ann. § 46-23-217. This change would effectively discharge his Escape sentence. Alternatively, Matt asks the Court to merge the sentences that were remaining when he was removed from parole. (*Id*. at 7.)

Matt's petition challenges the application of state law provisions to his state sentences. Matt is advised that this Court only may entertain a habeas corpus petition if he demonstrates that he is in custody in violation of the U.S. Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68, (1991) (federal habeas corpus relief does not lie for errors of state law). "[E]rrors of state law do not concern us unless they rise to the level of a

3

constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). Matt's current petition is not cognizable because he fails to identify a purported federal constitutional violation. Matt's petition suffers from other deficiencies. To the extent that Matt could identify a cognizable federal claim, such claim is presently unexhausted.

Matt acknowledges that he has not presented his claims to the Montana state courts, including the Montana Supreme Court. (Doc. 1 at 4–5.) Matt explains that he did not believe the Montana state courts possess jurisdiction or the ability to assist him, since no error occurred until he saw the parole board. (Doc. 1 at 6.)

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.*; *see also Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999 (9th Cir. 2005), cert. denied, 546 U.S. 818 (2005).

The Montana state courts have not yet considered any of the claims that Matt attempts to advance. Matt must present these same claims to the Montana state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. To the extent that Matt believes he has no remedies available under state law, the Court observes that Montana state law provides that applicants may challenge the legality of their incarceration under habeas corpus. Mont. Code Ann. § 46-22-101(1); *Lott v. State*, 150 P. 3d 337, 340 (Mont. 2006) (explaining habeas corpus should be utilized to remedy an illegal sentence, including

one which exceeds statutory or constitutional limits). Matt has not yet exhausted his available state court remedies. This Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be **without prejudice**, allowing Matt to return to this Court if and when he fully exhausts the claims relative to his current custody.

## II.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Matt has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his claims are not cognizable, and the petition

is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Matt's Petition (Doc. 1) is **DISMISSED** without prejudice as unexhausted.

2. The Clerk of Court is directed to enter judgment of dismissal.

3. A certificate of appealability is **DENIED**.

DATED this 17th day of January, 2024.

_____
Brian Morris, Chief District Judge
United States District Court